**CLD-102**                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4002
_____

OTIS MICHAEL BRIDGEFORTH,
                                                          Appellant

v.

TD BANK; POOJA YADAV,
Cus. Serv. Rep

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-cv-00472)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. ' 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed  February 14, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Otis Michael Bridgeforth filed a complaint pursuant to 42 U.S.C. § 1983 against a

bank and one of its employees, alleging that on May 29, 2010, he was prevented from

opening a student checking account. He claimed that the defendants intentionally inflicted emotional distress and discriminated against him on the basis of "race, color, and sex" when they found his New York driver's license, student identification card, and a piece of mail he received insufficient to verify his address. He alleged that they lied to him when they told him that they only accepted proof of car registration or insurance, a utility bill, a pay stub, or a letter from an employer to verify an address. He alleged that he was later able to open the account over the telephone with the help of a representative who explained that he could have opened his account in the bank had he presented a Social Security card with his student identification card and a piece of recent mail. Bridgeforth requested thirty million dollars in damages and the termination of bank employees.

The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The District Court also held that amendment would be futile. Bridgeforth appeals.

We have jurisdiction over Bridgeforth's appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of his claims. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

Bridgeforth purported to proceed under 42 U.S.C. § 1983. As the District Court noted, to state a claim under § 1983, a plaintiff "must allege the violation of a right

2

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither defendant was acting under color of state law. See id. (explaining that a defendant must be "clothed with the authority of state law" to be acting under color of state law).

We also note that Bridgeforth included no allegations in his complaint from which discrimination can be inferred. It is possible that Bridgeforth's claims could be interpreted as an attempt to plead a cause of action under 42 U.S.C. § 1981, which prohibits race discrimination in making and enforcing contracts. See Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). To state a claim under § 1981, a plaintiff must allege that he or she is a member of a racial minority, that the defendant had the intent to discriminate on the basis of race, and the discrimination concerned one or more of the activities enumerated in the statute, which include the right to make or enforce contracts. Id. at 797 (citations omitted). However, Bridgeforth merely made a bare claim that the defendants' actions were related to his race and stated that the defendants' actions seemed "shady" and "immature." A well-pleaded complaint must contain more than "'labels or conclusions.'" See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1939 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Bridgeforth stated no federal claim, the District Court did not err in declining to consider the claim for intentional infliction of emotional distress under state

3

law.  <u>See</u> 28 U.S.C. § 1367(c); <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 311 (3d Cir. 2003).

For these reasons, the District Court properly dismissed Bridgeforth's complaint. We also conclude that the District Court did not abuse its discretion in denying Bridgeforth leave to amend on the basis of futility.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112-13 (3d Cir. 2002).  Because this appeal does not have an arguable basis in fact or law, we will dismiss it appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).